UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KEVIN ANTHONY STRAUB, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-11-JAR |
| CINDY GRIFFITH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Kevin Anthony Straub, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. The Court will grant the motion, and will not assess an initial partial filing fee at this time. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit an inmate account statement in support of the instant motion. However, he avers that he receives no pay or wages, that he has had no other source of income in the past 12 months, and has no money in any account. The Court will therefore not require plaintiff to pay an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe the complaint in a way that permits the plaintiff's claim to be construed within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against two Missouri Department of Corrections employees: Cindy Griffith (the Deputy Division Director of the Division of Adult Institutions), and Brad Rentfro (a Corrections Case Manager). Plaintiff sues the defendants in their individual capacities.

Plaintiff sets forth his allegations in the form of a long and rambling narrative that is written in the third person. However, he can be understood to allege that he was wrongly charged with damaging a state-issued smock. He repeatedly alleges that a person who is held in a suicide cell should not be held responsible for his or her actions. For example, he writes: "any person being placed in a suicide cell is no longer competent to be held accountable for anything he or she has done so for any person to be still held in respect as a sane person would go against the law one cannot proceed with any person that is ruled as an incompetent subject to do so would be breaking the law . . .", and "whatever happens in the suicide cell must not place him in violation of breaking any rules because such person's state of mind is not held and respect to understand what is truly right or wrong because he is not in the right frame of mind to be

3

responsible of his actions." (Docket No. 1 at 2-3). Plaintiff can also be understood to allege that he was wrongly made to pay $250 in restitution to replace the smock, and given meal loaf and 20 days in disciplinary segregation.

With the complaint, plaintiff filed six pages of written material. This material includes a Disciplinary Action Report demonstrating that plaintiff had a disciplinary hearing on January 23, 2018. A reporting officer's written report was introduced as evidence to show that, during a security check, plaintiff was observed to have made a noose out of his state-issued smock. It was recommended that plaintiff be given meal loaf, spend 20 days in disciplinary segregation, and reimburse the State $250 for the damaged smock. It is indicated that plaintiff understood his rights, did not request witnesses, pleaded guilty to the charges, and waived further hearing. The Report is signed by plaintiff, and by defendant Rentfro. The written materials also include documents demonstrating that plaintiff filed an Informal Resolution Request ("IRR"), a Grievance, and a Grievance Appeal to complain about the punishment and restitution imposed, all of which were considered and denied. The Court considers these documents as part of the complaint. *See* Fed. R. Civ. P. 10(c).

As relief, plaintiff seeks compensatory damages of $4,500, punitive damages of $1,100, and nominal damages of $1. He states that the smock did not cost $250. In support, he states that, after he paid that amount, the prison bought five more smocks and he only ripped one. He also repeats his assertion that he was incompetent because he was suicidal.

## Discussion

Plaintiff's allegations amount to a challenge of his disciplinary conviction and the punishment and restitution assessed against him. These allegations do not state a viable claim for relief. Federal courts do not sit in appellate review over state prison disciplinary decisions.

4

*Goff v. Dailey*, 991 F.2d 1437, 1440 n 5 (8th Cir. 1993). They can only decide whether an inmate's due process rights were violated. *Id.* Recognizing the duty to liberally construe *pro se* complaints, the Court will consider whether plaintiff's allegations state a viable due process claim.

Prisoners may claim the protections of the Due Process Clause, and may not be deprived of life, liberty, or property without due process of law. *Haines v. Kerner,* 404 U.S. 519 (1972). Here, plaintiff first alleges he was wrongly placed in disciplinary segregation for 20 days, and given meal loaf. The Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In order to demonstrate that his liberty interest was curtailed by placement in disciplinary segregation, "an inmate must show that the segregation created an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Rahman X v. Morgan,* 300 F.3d 970, 973 (8th Cir. 2002).

Plaintiff's factual allegations do not suggest his placement in disciplinary segregation constituted an atypical, significant hardship. Placement in disciplinary segregation does not, in and of itself, amount to an atypical and significant hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (recognizing that the Eighth Circuit has consistently held that disciplinary segregation is not an atypical and significant hardship under *Sandin*). Also, plaintiff cannot demonstrate that 20 days in disciplinary segregation was unduly long. *See Kennedy v. Blankenship*, 100 F.3d 640, 641-42 (8th Cir. 1996) (30 days in punitive isolation was not atypical and significant); *Orr v. Larkins*, 610 F.3d 1032, 1033-34 (8th Cir. 2010) (nine months in disciplinary segregation was not atypical and significant). Plaintiff also claims he was wrongly

placed on meal loaf. However, plaintiff does not have a protected liberty interest in being free from placement on a meal loaf diet. *See Sandin,* 515 U.S. at 482-83 (disapproving of a district court case suggesting prisoners had a liberty interest in not being placed on a food loaf diet). Because plaintiff cannot demonstrate that his 20-day placement in disciplinary segregation or his placement on meal loaf deprived him of a protected liberty interest, he cannot demonstrate a due process violation.

Plaintiff also alleges he was wrongly deprived of $250 to replace the damaged smock. Plaintiff does not identify the source of the money that was debited from his account, but for the sake of argument, the Court will assume that he had a protected property interest in it. *See Mahers v. Halford,* 76 F.3d 951 (8th Cir. 1996) (inmates have a property interest in money received from outside sources). However, plaintiff's allegations fail to state a viable due process claim because, regardless of whether he claims he was deprived of a protected property or liberty interest, his complaint shows he received due process.

"Due process is flexible and calls for such procedural protections as the particular situation demands," but its fundamental requirement is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge,* 424 U.S. 319, 333-34 (1976) (internal quotations and alteration omitted). The Supreme Court has held that, in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the prison disciplinary decision. *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). This standard does not require this Court to examine the entire record, independently assess witness credibility, or weigh evidence. *Id.* (citations omitted). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*

6

*at 445-56* (citing *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133–34 (1924) and *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974)).

Here, the complaint shows that plaintiff had a hearing during which he was given notice of the charge against him and the recommended punishment and restitution, and he expressed his understanding of his rights. A corrections officer's written report was introduced as evidence that plaintiff committed the charged violation. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (A corrections officer's description of events has been found to constitute some evidence upon which a prison disciplinary committee could determine that an inmate violated a prison rule). Despite being given the chance to defend himself and call witnesses, plaintiff did not request witnesses, and he chose to plead guilty and not seek further hearing. Finally, plaintiff's complaint shows that, after the hearing, prison officials considered and rejected the IRR, Grievance and Grievance Appeal he filed to contest the punishment and the amount of restitution he received. Plaintiff's disagreement with the outcome of the hearing, or his belief that he was unfairly punished or charged, does not mean he was denied due process. The Court concludes that the prison's disciplinary decision was factually supported by "some evidence," and there was therefore no due process violation. *See Hill*, 472 U.S. at 455-56.

Additionally, to the extent plaintiff can be understood to challenge the outcome of his IRR, Grievance, or Grievance Appeal, or the manner in which they were handled, such allegations do not state a claim of constitutional dimension. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (the grievance procedure is procedural right only and does not confer substantive right on inmate). To the extent plaintiff can be understood to allege that either defendant violated prison regulations, such allegations do not state a claim of constitutional dimension. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citation omitted) (there is

no federal constitutional liberty interest in having prison officials follow prison regulations). Finally, plaintiff fails to clearly explain how either defendant was personally responsible for violating his rights. *See Martin v. Sargent*, 780 F.2d 1334 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of defendant). While the Disciplinary Action Report bears Rentfro's signature, plaintiff does not specifically allege what Rentfro did to violate his rights, other than note he pleaded guilty and assess punishment and restitution. For the reasons discussed above, these allegations do not state a claim of constitutional dimension. To the extent plaintiff proceeds on the theory that either defendant is liable to him because he or she held an administrative or supervisory position, such allegations do not state a claim that is cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases).

For all of the foregoing reasons, this case will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

8

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of February, 2019.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE